**Chander Kaur NARANG;
et al., Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

No. 02–72662.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 23, 2005.

Decided June 6, 2005.

Suzanne B. Friedman, Esq., Attorney at
Law, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, Terri J. Scadron, Esq.,
Leslie McKay, U.S. Department of Justice
Office of Immigration Litigation, Washing-
ton, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and
WARDLAW, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his pre-
decessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

## MEMORANDUM **

Chander Kaur Narang and her son Shantanu Narang, natives and citizens of India, appeal from the Board of Immigration Appeals' ("BIA's") order affirming without opinion the Immigration Judge's ("IJ's") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand to the BIA for further proceedings.

## I. Waiver

■ As a preliminary matter, we hold that Narang's substantive claims are properly before us. In her opening brief, Narang raised only a procedural challenge to the BIA's streamlining procedures, and raised her asylum and related claims for the first time in her petition for rehearing. "Ordinarily, arguments not timely presented are deemed waived[, and t]his general doctrine of waiver applies to arguments raised for the first time in a petition for rehearing." *Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir.1992) (citation omitted). However, there are "several notable exceptions," *Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir.2004), to the waiver rule, at least one of which applies here: "[W]e may review an issue ... if the failure to raise the issue properly did not prejudice the defense of the opposing party." *Alcaraz*, 384 F.3d at 1161 (quotation and citation omitted). Both parties fully addressed Narang's asylum and related claims in supplemental briefs. Thus, the government has suffered no prejudice as a result of Narang's failure to raise these claims in her opening briefs, and we review the claims here.

## II. Adverse Credibility Determination

■ "We review adverse credibility determinations under the substantial evidence standard." *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004). Because the IJ did not "have a legitimate articulable basis to question the petitioner's credibility," *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996), nor did he "consider all plausible and reasonable explanations for any inconsistencies," *Wang v. Ashcroft*, 341 F.3d 1015, 1022 (9th Cir.2003), we conclude that the IJ's adverse credibility determination was not supported by substantial evidence.

"To determine whether substantial evidence supports the IJ's credibility finding, we evaluate each ground cited by the IJ for his finding." *Ding v. Ashcroft*, 387 F.3d 1131, 1137 (9th Cir.2004). First, the IJ found Narang's testimony regarding an incident where police came to her house, threatened her, and threw her son against the wall and down the stairs "implausible," because "[t]he person living in the adjoining room or rooms ... apparently was unaware of what was going on." However, Narang gave a detailed and cogent explanation why a person in an adjoining room could have been unaware of such an attack. She testified that the house was divided into two separate portions and that the two portions were not internally linked; the houses were "cement stone houses" where "the sound doesn't go" through. Moreover, Narang testified that due to the political situation at that time, "everybody has closed, shut their doors, windows." She did not cry out because the police "said if you will make any noise we will shoot you right there"; her son "did not cry" because "he had lost his consciousness."

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The second reason the IJ offered to support his adverse credibility determination was that Narang presented a school attendance record for her son that indicates that the boy attended school and sat for an exam during a time when Narang had previously testified that he was at home convalescing after the attack. However, Narang explained that "upon the presentation of a medical certificate to the school, the school had given him that attendance for the days that he was absent," and that her son had studied at home during that time. The IJ concluded that Narang's testimony was "simply not true," and took no account of the doctor's report Narang offered to corroborate her story regarding her son's injuries, or the photographs she presented that show her son in extensive leg casts.

The remaining reasons the IJ gave for his adverse credibility decision "do not go to the heart of the asylum claim [and thus] are insufficient to support it," *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004), and, moreover, are impermissibly "based on speculation and conjecture," *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004). The IJ speculated about the veracity of Narang's religious commitment and the birthplace of her children, though these facts were completely irrelevant to Narang's claim. Furthermore, although "an alien's testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without the need for any corroboration," *Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000), the IJ repeatedly commented on, and drew negative inferences from, the lack of evidence to corroborate irrelevant details such as the date of Narang's marriage, her place of birth, the date she was issued her teacher's card, and her husband's occupation.

Because we find that "[a] reasonable adjudicator would be compelled to conclude that the factual findings underlying the [IJ's] adverse credibility determination were not supported by substantial evidence," *Wang*, 341 F.3d at 1022, we reverse the IJ's adverse credibility decision and deem Narang to be credible. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004).

### III. *Ventura* Remand

We remand to the BIA to determine whether, accepting Narang's testimony as true, Narang is otherwise eligible for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED; REMANDED.**